Argued and submitted May 3, reversed and remanded for reconsideration
August 21, 1991

In the Matter of
the Contract Between Danmark Publishing, Inc.,
and Elizabeth Diane Downs.

DANMARK PUBLISHING, INC.,
*Petitioner,*

*v.*

DEPARTMENT OF JUSTICE
OF THE STATE OF OREGON,
*Respondent.*

(CA A66299)

816 P2d 629

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Petitioner (Danmark) seeks review of a Department of Justice (department) order relating to a publishing contract between petitioner and Elizabeth Diane Downs. It asserts that the order exceeded department's authority. We reverse.

Downs was convicted of the murder of her daughter and the attempted murder and assault in the third degree of her two other children. She entered into a written contract with Danmark for publication of a book that she wrote about the incident. Danmark is a publishing company created by Downs' father and her family for the purpose of publishing that book. As relevant here, the contract provided for the payment of royalties to Downs from the retail sale of the book and commissions on the sale of performance rights to her book. It included a $500 annual cap on payments to Downs and allowed Danmark to deduct from contract payments any money Downs owed it, whether or not arising out of the contract.

Under ORS 147.275, funds that would otherwise be paid to a person convicted of a crime[1] under a contract for a book describing the person's thoughts, opinions or emotions about the crime are required to be paid instead to department for deposit into an escrow account for the benefit of victims of the crime. Subsection (7) provides, in part:

> "Any action taken by an individual charged with or convicted of committing a compensable crime in this state, including, but not limited to, execution of a power of attorney or creation of a corporate entity, to defeat the purpose of this section is null and void."

The statute requires the party that contracts with the convicted person to submit the contract to department, which then determines whether it falls within the provisions of the statute. OAR 137-80-010(1).

---

[1] The statute applies to "any individual charged with or convicted of committing a compensable crime in this state or found guilty except for insanity with regard to such a crime, * * * or a representative or assignee of that individual * * *." Because Downs has been convicted, we will refer to the statute's application to convicted persons.

Department found that the contract is subject to ORS 147.275 and that four of its provisions are actions taken to defeat the purpose of the statute. It concluded, for example, that the royalty and commission percentages and the annual cap were artificially low and that an author in Downs' bargaining position would reasonably have been expected to get a much higher percentage and a higher annual cap. It heard testimony that Downs agreed to the low percentages and cap because she expected that Danmark would surreptitiously provide her with more money from the sale of the book than the contract provided and that the cap was put in the contract to limit the amount that would go to department under the statute. It found that

> "[b]ecause Ms. Downs willingly agreed to such low royalty percentages, because she expected Danmark to assist her in her needs and because of her familial relationship with the directors and officers of Danmark, it is reasonable to infer that Danmark did agree to hold such money for her and to pay the money over in accord with her expectation."

Accordingly, department declared that certain provisions of the contract are null and void as having been entered into to defeat the purpose of ORS 147.275[2] and fashioned a remedy that replaced the void royalty and commission provisions with provisions for payment of royalty and commission percentages that it found that Downs could reasonably have been expected to obtain. Danmark does not challenge department's findings or its conclusion that the provisions are null and void, but asserts that the remedy of increasing the percentages payable to Downs is not authorized by law.

■ Danmark argues that department did not have the statutory authority to modify the contract between Downs and Danmark. It asserts that the statute authorizes department to declare null and void an action taken by an offender to defeat the purpose of the statute; it does not authorize department to modify the contract to insert other provisions that it deems more reasonable. Department argues that it has the implied authority to carry out the authority expressly conferred by the statute and that the remedy fashioned in this case tends to accomplish the statutory purpose.

---

[2] Although department found that four provisions were null and void, its order dealt only with the royalties, commissions and annual cap.

■       An agency, as a creature of statute, has

"only such power and authority as has been conferred upon it by its organic legislation. This power includes that expressly conferred by statute as well as such implied power as is necessary to carry out the power expressly granted. Stated somewhat differently, a statute which creates an administrative agency and invests it with its power is likewise the measure of its power." *Ochoco Const. v. DLCD,* 295 Or 422, 426, 667 P2d 499 (1983). (Citations omitted.)

Agency action, including fashioning remedies, must be within the statutory delegation of authority. *Fred Meyer v. Bureau of Labor,* 39 Or App 253, 268, 592 P2d 564, *rev den* 287 Or 129 (1979).

        The purpose of ORS 147.275 is to ensure that a victim of a crime may recover damages or judgments from profits earned by the convicted person from the sale of the story of the criminal act. *See* Exhibit F, Senate Judiciary Committee (June 14, 1985 — statement of Representative Hill). ORS 147.275(7) expressly provides that actions taken to defeat the purpose of the statute are "null and void." That does not delegate to department any role in fashioning a remedy; the statute expressly defines the consequence of actions taken to defeat its purpose. The legislature has not otherwise granted the agency broad discretion to fashion other remedies or impose other sanctions to carry out the purpose of the statute. *Compare Elvin v. OPEU,* 102 Or App 159, 793 P2d 338, *rev allowed* 310 Or 393 (1990); *Fred Meyer v. Bureau of Labor, supra.* Because the legislature has specified a particular remedy, department is without authority to fashion a different one, even when it concludes that the different remedy would better accomplish the purpose of the statute. The legislature has made that value judgment, and it is not department's or our place to second guess the legislative determination.[3]

■       Department asserts that it has authority to fashion a remedy, because it has the power "[t]o carry out the provisions and purposes" of ORS 147.275. ORS 147.205. The

_____

        [3] Department argues that limiting its remedial powers to those specifically granted by statute "would allow petitioner and Ms. Downs to succeed in their scheme to defraud" the victims of the crimes of the amounts to which they are entitled under ORS 147.275 by allowing Danmark to retain all of the profits from the publication. Even if that is a consequence, the remedy does not lie with this court.

quotation is incomplete and misleading. ORS 147.205 provides, in full:

"To carry out the provisions and purposes of ORS 135.905 and 147.005 to 147.365, the Department of Justice shall have the power and duty to:

"(1) Appoint such employees and agents as it determines are necessary, fix their compensation within the limitations provided by law, and prescribe their duties.

"(2) Request from law enforcement officials and from any other agency of the state or local governmental unit such assistance and information as will enable the department to carry out its functions and duties.

"(3) Adopt rules pursuant to ORS 183.310 to 183.550.

"(4) Direct medical examination of victims.

"(5) Determine all claims for awards filed with the department pursuant to ORS 135.905 and 147.005 to 147.365, and to reinvestigate or reopen cases as the department deems necessary.

"(6) Report biennially to the Governor and to the Legislative Assembly on its activities."

Contrary to department's assertion, ORS 147.205 is not a general grant of power to department to carry out the purposes and provisions of ORS 147.275. It is a specific and limited grant of authority to department to undertake various actions for that purpose. It does not assist the agency here.

Because we conclude that the remedy fashioned by department exceeded its statutory authority, we need not address Danmark's other arguments or assignment.

Reversed and remanded for reconsideration.